ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEP 3 0 2009

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

           Plaintiff,

     v.

U.S. SECURITY ASSOCIATES, INC.,

           Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

1:09-CV-2693 RWS

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, retaliation and association and to provide appropriate relief to Margaret Gibson and Chris Gibson who were adversely affected by such practices. The Plaintiff alleges that Margaret Gibson was subjected to disparate terms and conditions of employment because of her pregnancy status, and was terminated because of her pregnancy and in retaliation for opposing the unlawful employment practices. The Plaintiff further alleges that Chris Gibson, Margaret Gibson's husband, was also unlawfully terminated by the Defendant for opposing protected activity and because of his association with

Margaret Gibson and her complaints of unlawful discrimination.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant U.S. Security Associates, Inc. (the "Defendant") has continuously been doing business in the State of Georgia and the city of Roswell, and has continuously had at least 15 employees.

2

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Margaret Gibson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least April 2006, Defendant has engaged in unlawful employment practices at its Roswell, Georgia, facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), by subjecting Margaret Gibson to disparate terms and conditions of employment, including discipline and denial of job assignments, because of her pregnancy, and terminating her because of her sex, female, and pregnancy, and in retaliation for complaining of pregnancy discrimination.

8.     Since at least September 2006, Defendant has engaged in unlawful employment practices at its Roswell, Georgia, facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), by terminating Chris Gibson in retaliation for opposing pregnancy discrimination, and

3

because of his association with Margaret Gibson who complained of pregnancy discrimination.

9.     The effects of the practices complained of in paragraphs 7 and 8, above, have been to deprive Margaret Gibson and Chris Gibson of equal employment opportunities and otherwise adversely affect their status as employees because of sex and/or pregnancy, retaliation and association.

10.    The unlawful employment practices complained of in paragraphs 7 and 8, above, were intentional.

11.    The unlawful employment practices complained of in paragraphs 7 and 8, above, were carried out with malice and/or reckless indifference to the federally protected rights of Margaret Gibson and Chris Gibson.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from terminating employees on the basis of sex and/or pregnancy, retaliation and association, and any other employment practice which discriminates on the basis of sex and/or pregnancy, retaliation and association.

B.     Order Defendant Employer to institute and carry out policies,

4

practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Margaret Gibson and Chris Gibson, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant Employer to make whole Margaret Gibson and Chris Gibson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, above, including job search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Margaret Gibson and Chris Gibson, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

5

F.      Order Defendant Employer to pay to Margaret Gibson and Chris

Gibson punitive damages for Defendant's malicious and/or reckless conduct

described in paragraphs 7 and 8, above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in

the public interest.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303

6

Telephone:   (404) 562-6818
Facsimile:   (404) 562-6905